UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DEREK D.L.S. HUTCHISON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:20-cv-03119-SEB-TAB |
|  | ) |  |
| CELESTE JONES, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Indiana prisoner Derek Hutchison brings this action alleging the defendants were deliberately indifferent to his serious medical needs. The defendants have filed a motion for summary judgment on the exhaustion defense. For the reasons explained below, the motion for summary judgment is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly

support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

Mr. Hutchison failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns*, Inc., 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming

grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997) (cleaned up).

## II.
## BACKGROUND

### A. Mr. Hutchison's Allegations and Legal Claims

Mr. Hutchison filed the complaint in September 2020. Dkt. 2. The complaint makes the following allegations. Mr. Hutchison began taking Cymbalta for major depression and post-traumatic stress disorder in December 2017. Dkt. 2, para. 18. He was taken off Cymbalta for eight months at the end of 2019 until April 2020. *Id.* The defendants failed to treat his withdrawal symptoms. *Id.* They also refused to meet with him to address his mental health concerns in July 2020, which led to an incident of self-harm. *Id.* at paras. 20-21.

### B. Offender Grievance Process

Mr. Hutchison is a prisoner of the Indiana Department of Correction. ("IDOC"). IDOC maintains an Offender Grievance Process. *See* dkts. 18-2, 18-3. During the time relevant to this action, the grievance process had four steps. First, offenders must attempt to informally resolve the issue. Dkt. 18-2, p. 3; dkt. 18-3, p. 3. Second, they must submit a formal grievance. *Id.* Third, if they are dissatisfied with the grievance response, they must submit a facility-level appeal. *Id.* Fourth, if they dissatisfied with the appeal response, they must submit a department-level appeal. *Id.*

Offenders learn about the grievance process during orientation. Dkt. 18-1, para. 59. Copies of the grievance process are also available in the law library and in the offender handbook. *Id.* at

para. 60. Mr. Hutchison knew about the grievance process and had correctly submitted formal grievances in the past. *See* dkt. 18-4 (Mr. Hutchison's grievance history).

### C. Mr. Hutchison's Use of the Offender Grievance Process

Mr. Hutchison submitted multiple Request for Health Care forms in 2019 and 2020 regarding his mental health treatment. Dkt. 18-6. He did not submit any accepted formal grievances in 2019 or 2020. Dkt. 18-4. Thus, he did not complete the grievance process before filing this lawsuit.

## III. DISCUSSION

### A. Exhaustion Standard

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). "A centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an invigorated exhaustion provision." *Id.* at 84.

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in

the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006). Inmates do not need to raise claims with lawyerly precision or name specific parties in their administrative grievances, but the grievance must inform prison officials about the issue and give them a chance to take corrective action. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007).

"If administrative remedies are not 'available' to an inmate, then an inmate cannot be required to exhaust." *Id.* at 684; *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). Administrative remedies are primarily "unavailable" to prisoners where "affirmative misconduct" prevents prisoners from pursuing administrative remedies. *Dole*, 438 F.3d at 809 (remedies unavailable where prison officials "do not respond to a properly filed grievance"); *see also Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir.2015) (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); *Kaba*, 458 F.3d at 680, 686 (remedies unavailable where prisoner presents evidence that prison personnel have "denied [prisoner] grievance forms, threatened him, and solicited other inmates to attack him in retaliation for filing grievances"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004) (remedies unavailable where prison personnel prevent prisoner access to grievance forms). However, "unavailability" extends beyond "affirmative misconduct" to include omissions by prison personnel, particularly failing to inform the prisoner of the grievance process. *See King*, 781 F.3d at 895–96.

### B. Mr. Hutchison Did Not Exhaust His Available Administrative Remedies

Mr. Hutchison did not exhaust the grievance process before filing this lawsuit. He knew about the grievance process and used it on previous occasions. There is no evidence the grievance process was unavailable. Accordingly, the motion for summary judgment is **GRANTED**.

## IV.
## CONCLUSION

The motion for summary judgment, dkt. [18], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 6/28/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEREK D.L.S. HUTCHISON
121492
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com